[Crim. No. 13989.   Second Dist., Div. Four.   Sept. 16, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. CORAL SUSAN BEBBINGTON, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Harry E. Weiss for Defendant and Respondent.

FILES, P. J.—Defendant was charged with possession of marijuana (Health & Saf. Code, § 11530). A preliminary examination was held before a judge of a justice court, who found sufficient cause for the prosecution and held defendant to answer. Thereafter in the superior court defendant made a motion to set aside the information under Penal Code section 995, which motion was granted and the case dismissed. The People are appealing under the authority of Penal Code section 1238, subdivision 1.

The ground of the motion was insufficiency of the evidence, but the issue turns upon the legality of the seizure of the marijuana which was in defendant's automobile.

Deputy Sheriff Gothie testified that, at about 10:50 a.m. on March 5, 1967, while on patrol in Topanga Canyon, he saw an unoccupied vehicle standing on the side of the road. The keys were in the ignition. He placed on the windshield a citation charging a violation of county ordinance 6544-3110, which prohibits leaving a vehicle parked with the keys in the ignition. As he did so he saw a woman's purse on the floor of the car. He decided to try to locate the owner and advise her against leaving her purse there exposed to theft.

Deputy Gothie walked along the road about 150 feet and looked out over the canyon, where he saw defendant and a male companion seated on a rock in the middle of a stream. He called to them ''and asked them to come over which they

did.'' He noticed that as the two walked along the stream and climbed the bank they appeared to be ''very, very unsteady on their feet.'' He also observed that the eyes of both of them were dilated, despite the bright sunlight. Deputy Gothie had had training and experience in narcotics law enforcement, and was aware that dilated pupils are characteristic of persons under the influence of marijuana.

The deputy asked defendant if this was her car and she said it was. He then asked for identification. Defendant opened the car door, took out her purse, opened it and took out a driver's license.

While the car door was open the deputy observed on the floor a cigarette with twisted ends, and concluded it probably contained marijuana, so he picked it up and asked defendant if she knew what it was. ''She said, 'No, she didn't know what it was. It wasn't there. It hadn't been there.' '' He asked the same question of the man, who said, with a ''funny smile,'' '' 'I never saw one of those in my life.' ''

Deputy Gothie then arrested both persons and searched the car, finding in the glove compartment a box containing three more cigarettes similar to the one on the floor.

It was stipulated that a chemist would testify that the cigarettes from the floor and the glove compartment contained marijuana.

 It is defendant's theory that the marijuana was inadmissible because Deputy Gothie violated the constitutional rights of defendant when he called to her and asked her to come to where he was on the road. No authority is cited in support of that proposition. The theory fails for two reasons.

First: Defendant's car was illegally parked. It was proper for the officer to find the person responsible, demand identification, and request that person to sign a notice to appear in court, under Vehicle Code sections 40500 and 40504. Requesting defendant to come back to the road was an appropriate step in carrying out the officer's powers and duties under those sections.

 The colloquy in the superior court suggested that no such procedure was proper because a parking citation can be left on the vehicle. Vehicle Code section 41102 makes proof of ownership prima facie evidence that the registered owner parked the car if a notice of violation is attached to the vehicle in the manner prescribed by section 41103. Nothing in the code makes this the exclusive procedure. If the officer is able to identify and locate the person who actually parked the

car, he need not rely on the uncertain effect of section 41102. He can also obtain a signed promise to appear, in accordance with Vehicle Code section 40500, thereby obviating some of the practical problems which arise under the section 41103 procedure.

Furthermore, in the case at bench the violation was a continuing one. It was certainly appropriate for the officer to demand that the violator come back and either move the vehicle or lock it.

Second: The functions of a deputy sheriff are not limited to the apprehension of criminals. The evidence here supports the view that this officer was attempting in good faith, to protect the defendant against possible theft of her automobile and her purse. Calling her back to the road, for the purpose of warning and advising her, was neither an arrest nor a detention. It is beyond all reason to categorize this as an illegal arrest or a violation of the Fourth Amendment.

The order is reversed.

Jefferson J., and Kingsley, J., concurred.